Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-CV-390-KSF

ELLOWOOD EUGENE BENNETT                                                    PETITIONER

VS:                **MEMORANDUM OPINION AND ORDER**

DEBORAH A. HICKEY, Warden                                                 RESPONDENT

\*\*  \*\*  \*\*  \*\*  \*\*

Ellowood Eugene Bennett, an individual currently confined in the Federal Correctional Institution in Ashland, Kentucky, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, by counsel appearing *pro hac vice*. The Petition is now before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). For the reasons set forth below, this matter will be dismissed.

### CLAIM

Petitioner claims that he is eligible for parole from the "old law" sentence he is serving, but the United States Parole Commission ("USPC") has held him ineligible for consideration for parole until 2018. Petitioner alleges that because his trial court did not state which part of 18 U.S.C. § 4205 was applicable to determine his eligibility for parole, his sentence is ambiguous as to eligibility, and "the Rule of Lenity" should be applied to make him eligible now. R. 2.

### FACTUAL ALLEGATIONS

In his completed Section 2241 Petition form, attached Memorandum, and exhibits, Petitioner

summarizes his criminal history and his efforts to challenge the legality of his conviction and sentence over the years.

For the Court's purposes today, it is sufficient to note only a few facts from the Petitioner's documents and case law. Briefly stated, in 1991, a jury convicted Bennett in the United States District Court for the Northern District of West Virginia for engaging in a longstanding pattern of racketeering activity in violation of RICO, 18 U.S.C. § 1962(d); arson resulting in death, in violation of 18 U.S.C. § 844(i); the use of fire to commit a felony in violation of 18 U.S.C. § 844(h); mail fraud in violation of 18 U.S.C. § 1341; committing a violent crime in aid of racketeering; and obstruction of justice in violation of 18 U.S.C. § 1510.

In January 1993, the Fourth Circuit Court of Appeals affirmed Bennett's conviction and sentence. *United States v. Bennett,* 984 F.2d 597 (4th Cir.1993). In February of 1997, Bennett filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the district court denied in January 1999. Thereafter, Petitioner filed an unsuccessful motion to supplement his Section 2255 Motion; and he filed at least one motion to the appellate court for permission to file a second or successive Section 2255 Motion, but the Fourth Circuit denied the request.

Unlike the instant proceeding, the majority of the rest of Petitioner's legal challenges to his conviction have been *pro se*. They have all been brought pursuant to 28 U.S.C. § 2241, and have been dismissed on Bennett's failure to demonstrate that his remedy by a Section 2255 Motion is inadequate or ineffective to challenge the legality of his detention. 28 U.S.C. § 2254(e); *see Bennett v. Bledsoe*, No. 2:03-CV-114, 2005 WL 3939842, *3 (N.D.W.Va. January 27, 2005) (unpublished) ("Now, Bennett again seeks relief pursuant to 28 U.S.C. § 2241."), *affm'd*, 140 Fed.App'x. 488, 2005 WL 1820132 (4th Cir. August 3, 2005) (unpublished), *cert denied*, 546 U.S. 1049 (2005).

The Petitioner has now filed a Section 2241 proceeding in this Court for the first time, and this time he has counsel. Bennett urges a new ground for relief – not from his conviction but relating to service of his current sentences. Petitioner attaches his criminal Judgment, showing on the first page that on January 28, 1992, the court imposed two types of sentences, writing, "The sentence is imposed pursuant to the Sentencing Reform Act of 1984, for counts one, two, and twenty-four and pursuant to pre-guideline law on counts three through seven, nine through eleven, fifteen and sixteen." Record No. 2, Exhibit [hereinafter "Ex"] A at 1.

On page two, the "Imprisonment" portion of the Judgment provides details, as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of two hundred sixty-two (262) months on counts one, two and twenty-four to be executed as a guideline sentence imposed under the Sentencing Reform Act of 1984.[1]
>
> IT IS FURTHER ORDERED that the defendant be committed to the custody of the Attorney General for a period of FIVE (5) years on count four to be served consecutively to the sentence imposed on counts one, two and twenty-four; and for a period of thirty (30) years on count three to be served consecutively to the sentences on counts one, two, twenty-four and four; and the defendant is further sentenced to five (5) years each on each of the following counts: counts five, six, seven, nine, ten, eleven, fifteen and sixteen, each said period of five years is ordered to be served concurrent with the sentence imposed on counts one, two and twenty-four. The sentences herein imposed on counts three, four, five, six, seven, nine, ten, eleven, fifteen and sixteen are to be executed pursuant to the law of the United States in effect prior to the implementation of the sentencing guidelines on November 1, 1987 under the provisions of the Sentencing Reform Act of 1984.

*Id.* at 2. Thus, although the trial court clearly directed that Bennett's current 5- and 30-year sentences be executed under the law prior to the Sentencing Reform Act of 1984 ("SRA"), it is also

---

[1] *See* the Sentencing Reform Act of 1984, Pub.L. No. 98-473, §§ 211-239, amended to state that the guidelines shall apply only to offenses committed on or after November 1, 1987. Sentencing Act of 1987, Pub.L. No. 100-182, § 2(a).

3

true that the Judgment did not directly refer to parole eligibility or to the pre-SRA statute on parole, 18 U.S.C. § 4205. *Time of eligibility for release on parole.*

Consistent with the first paragraph quoted above, the Petitioner first served the 262-month, post-SRA "guideline" sentence, also referred to as Petitioner's "'new law' sentence." On December 15, 2008, Petitioner finished service of the new law sentence and immediately began service of the 5- and 30-year sentences for counts four and three. The second paragraph quoted above shows that these sentences were ordered to be served consecutively and to be executed pursuant pre-SRA law. Thus, they were aggregated to 35 years and are referred to as "old law" sentences, which means, *inter alia*, that the provisions of Section 4205, are applicable.[2]

A few months into service of these sentences, the Petitioner asked the Federal Bureau of Prisons ("BOP") to put him on the list for an initial parole hearing at the USPC's next hearing date at the prison. He stated that he was entitled to the hearing "since my judgment doesn't specify under which part of § 4205 I was sentenced." The BOP prepared some documentation for use in a parole hearing, but the USPC refused to include Petitioner in its upcoming hearings.

According to the BOP, the USPC informed prison officials that Bennett would not be eligible for parole until March of 2018. Petitioner challenged this result through the BOP's administrative remedy process. At the highest level of appeal, the Administrator of Inmate Appeals wrote, "[Y]our aggregated term of 35 years was ordered consecutively to the other terms previously mentioned and is parolable pursuant to § 4205(a), after the service of 10 years." Ex. B.

---

[2] Pub.L. 110-312, § 2, Aug. 12, 2008, 122 Stat. 3013, extended the period that the repealed statutes remain in effect after Nov. 1, 1987, to twenty-four years. Thus, it is still valid for old law sentences today and will be until at least November 1, 2011.

Having exhausted the matter with the BOP, the Petitioner has now come to this Court claiming that the Judgment is ambiguous as to which part of Section 4205 the sentencing court intended to govern eligibility for parole. Therefore, he seeks to have this Court resolve the ambiguity in his favor by applying the Rule of Lenity, and he asks that he be determined eligible for parole now, under Section 4205(b)(2).

## DISCUSSION

Section 2241 may be used by a prisoner to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). But it is not generally available to challenge his conviction or sentence itself. Instead, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

However, as the Petitioner has been told in the opinions dismissing his earlier *pro se* proceedings in other courts, there is a "savings clause" of Section 2255 which expressly permits a prisoner to seek habeas corpus relief under Section 2241. It is conditioned on a petitioner's showing that his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). Section 2255 is not rendered an "inadequate and ineffective" remedy, however, where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under law existing at the time of conviction. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Additionally, the Sixth Circuit has concluded that Section 2255 is an "inadequate and ineffective" remedy only if the Petitioner has an "actual innocence" claim. Further, an "actual

innocence" must be "factual innocence," meaning that after his conviction became final, the Supreme Court re-interpreted the terms of the statute which the petitioner was convicted of violating in such a way that the petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001).

Bennett's claim herein does not satisfy these requirements. He questions how much of his sentence he must legally serve before he can seek parole, a challenge which could and should have been asserted prior to or at his sentencing, on a direct appeal, or in a Section 2255 Motion. Also, this claim is not a claim of "actual innocence" because, even if true, the trial court did not convict him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after the statute of limitations ran for an appeal or first collateral attack.

Because Bennett's claim is not cognizable through a habeas corpus proceeding pursuant to 28 U.S.C. § 2241, his Petition will be denied. The Court finds this result consistent with the result reached by this Court and affirmed by the United States Court of Appeals for the Sixth Circuit in a factually similar Section 2241 proceeding. *See Murr v. Thoms*, 62 Fed.App'x. 572, 2003 WL 1465631 (6th Cir.), *cert. denied*, 540 U.S. 824 (2003),

Even were the Petitioner's remedy be determined to be inadequate or ineffective so as to lay jurisdiction of this sentencing issue in this Court, he fares no better on the merits of the claim. The pre-SRA parole statute which remains applicable to offenses committed before November 1, 1987, including this Petitioner's sentence, begins as follows:

**§ 4205. Time of eligibility for release on parole.**

(a) Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms or after serving ten years of a life sentence or of a sentence of over thirty years, except to the extent otherwise provided by law.

(b) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interest of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than but shall not be more than one-third of the maximum sentence imposed by the court, or (2) the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may be released on parole at such time as the Commission may determine.
...

18 U.S.C. § 4205(a)-(b).

The Court finds no ambiguity on the face of the above-quoted statute. Nor does Petitioner demonstrate or point to any authority for how the sentencing court's failure to cite a subsection of a parole statute somehow renders his sentences or parole eligibility ambiguous. In mandatory language, in subsection (a), Congress dictated when a prisoner "*shall* be eligible for release on parole." § 4205 (a) (emphasis added). This eligibility "shall be . . . after serving ten years of a life sentence or of a sentence of over thirty years. . . ." *Id.* The Petitioner is serving an aggregated, 35-year, pre-SRA sentence, so why should this subsection not be applied to him?

Further, Bennett has not persuaded the Court as to why subsection (b)(2) should be applied to him instead. All of subsection (b) uses permissive language and contains Congress' limitations on what the sentencing court "may" do if it wishes to address parole in its sentence, *i.e.*, either designating a minimum or setting a maximum to be served by the prisoner before he is eligible for parole. Subsection (b)(2) provides that the trial court "*may* fix the maximum" sentence to be served

7

prior to eligibility for parole, but Bennett's trial court chose not to do so. *Id*. (emphasis added)

Rather, Petitioner's sentence was silent as to parole. Therefore, by operation of law, he "shall be eligible for release on parole after serving ten years of a life sentence or of a sentence of over thirty years," as provided in 18 U.S.C. § 4205(a). Bennett admits that he began his service of the 35-year "old law" term in 2008. Consistent with old law as applied to this sentence, he will not be eligible of parole until he has served ten (10) years of that sentence, that is, in 2018. The Court finds no error of law or the BOP's application thereof to the instant Petitioner.

Nor does the law of lenity apply herein. "[T]he touchstone of the rule of lenity is statutory ambiguity." *Bifulco v. United States*, 447 U.S. 381, 387 (1980). In order to properly invoke the rule, the Supreme Court has required not only ambiguity, but "'grievous ambiguity or uncertainty in the language and structure of the Act. . . .' *Chapman v. United States*, 500 U.S. 453, ____, 111 S.Ct. 1919, 1926 (1991)." *United States v. Chavez-Vernaza*, 15 F.3d 1091, 1993 WL 472852 (9th Cir. 1993), *cert. denied*, 510 U.S. 1204 (1994).

It may be true that when "there is doubt whether the defendants' conduct is criminal, the rule of lenity requires that the doubt be resolved in favor of the accused." *United States v. Ouwenga*, 173 Fed.App'x. 411, 417 (6th Cir. 2006) (quoting *United States v. Chandler,* 388 F.3d 796, 805 (11th Cir.2004)). However, even in criminal cases, the Court may apply the rule "only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute." *United States v. Hayes*, ____ U.S. ____, 129 S.Ct. 1079, 1088-89 (2009).

In this case, the Court has found no ambiguity in the sentencing statute. Therefore, for an alternative disposition, the Petition will be dismissed summarily for the Petitioner's failure to state a cognizable claim.

**CONCLUSION**

Accordingly, the Court finds that the Petitioner has failed to state a claim upon which the Court may grant relief and hereby **ORDERS** as follows:

(1) Ellowood Eugene Bennett's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Record No. 2] is **DENIED**.

(2) This action is **DISMISSED WITH PREJUDICE** from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This January 4, 2010.

Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**